**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Ramon Bolin, | Case No. 2:26-cv-00241-ART-NJK |
| Plaintiff, | **Order Granting** |
| | **Federal Defendant's UNOPPOSED** |
| v. | **Motion to Extend Time to File a** |
| | **Response to Plaintiff's Complaint** |
| United States of America | **(ECF No. 1)** |
| Defendant. | **(Third Request)** |

Federal Defendant United States of America ("Federal Defendant"), through undersigned counsel, hereby submits this motion to extend the date to file a responsive pleading from June 29, 2026, to **July 13, 2026**. This unopposed motion is supported by the memorandum of points and authorities below.

This is Federal Defendant's third request for an extension of time to respond to the Complaint. This request is made in good faith and not for the purpose of any undue delay.

**Memorandum of Points and Authorities**

Plaintiff filed the Complaint on February 3, 2026. ECF No. 1. Federal Defendant was served with Plaintiff's Complaint on February 26, 2026. The current deadline for Federal Defendant to respond to Plaintiff's Complaint is June 29, 2026. ECF No. 11.

On June 27, 2026, Plaintiff's counsel gave his approval for a fourteen-day extension of time from June 29, 2026, to **July 13, 2026**, to respond to Plaintiff's Complaint.

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted). Courts also have inherent authority to manage their own dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Undersigned counsel has acted diligently. However, additional time is needed because undersigned counsel is still in the process of reviewing information on this matter and coordinating with agency counsel on a responsive pleading. Without additional time, a meaningful responsive pleading cannot be completed. For these reasons, Federal Defendant respectfully requests that the Court extend the deadline for Federal Defendant to answer or otherwise respond to Plaintiff's Complaint to **July 13, 2026**.

Given Federal Defendant's diligence, Plaintiff's non-opposition, and the need for further review and agency coordination, good cause exists for the additional fourteen-day extension. Federal Defendant, therefore, respectfully requests that the Court grant this unopposed motion.

**IT IS SO ORDERED**
Dated: June 30, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2