**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAMON BOLIN,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 2:26-cv-00241-ART-NJK<br>**Order**<br>[Docket No. 18] |

Pending before the Court is the parties' stipulation to extend case management deadlines. Docket No. 18.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

On July 9, 2026, the Court entered the scheduling order in this matter. Docket No. 16. Through the instant stipulation, the parties request a 90-day extension of case management deadlines. Docket No. 18. The parties submit that the current expert disclosures deadline does not permit sufficient time to collect all of Plaintiff's medical records, retain experts, and complete experts' reports. *Id.* at 3.

However, the parties have not demonstrated diligence in conducting discovery in this matter because Plaintiff has not conducted any affirmative discovery and Defendant served its initial disclosures after the deadline to do so. *See id.* at 1; *see also* Docket No. 16 at 1 (initial disclosures deadline set for July 20, 2026). Further, it is unclear why Defendant has not yet prepared and sent HIPAA authorizations for Plaintiff's ten identified medical providers given that Plaintiff served initial disclosures on July 14, 2026. *See* Local Rule 26-3(c).

Nonetheless, in the interest of resolving this case on its merits and as a <u>one-time</u> courtesy to the parties, the Court will grant a 30-day extension of the subject deadlines. Accordingly, the Court **GRANTS** in part and **DENIES** in part the parties' stipulation and **RESETS** case management deadlines as follows:

- Initial experts: September 23, 2026
- Rebuttal experts: October 23, 2026
- Discovery cutoff: November 23, 2026
- Dispositive motions: December 30, 2026

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

- Joint pretrial order: January 22, 2027, or 30 days after the resolution of any dispositive motions

IT IS SO ORDERED.

Dated: August 4, 2026

Nancy J. Koppe
United States Magistrate Judge